# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

UNITED STATES OF AMERICA,  :
           :
           :  CASE NO. 4:05-CR-26 CDL
vs.           :
           :
TORRANCE HILL,     :
           :
    Defendant.    :
_____

## <u>REPORT AND RECOMMENDATION</u>

Presently pending before the Court are Defendant's motion (ECF No. 135) and supplemental motion (ECF No. 136) for a level reduction. For the reasons explained below, it is recommended that Defendant's motions be denied.

## BACKGROUND

On December 15, 2006, Defendant pled guilty to four counts in the superseding information—conspiracy to distribute more than five kilograms of cocaine, distribution of cocaine, possession with intent to distribute marijuana, and possession with intent to distribute more than five kilograms of cocaine. *See* Superseding Information 1-3, ECF No. 90; Change of Plea, ECF No. 93. He was sentenced on February 21, 2007 to serve 294 months incarceration, concurrent, for each count. Judgment was entered on February 27, 2007. J. 1-7, ECF No. 99.

On October 5, 2011, the Government moved to reduce Defendant's sentence pursuant to Federal Rule of Criminal Procedure Rule 35(b) due to his substantial assistance in other criminal investigations. Gov't's Rule 35 Mot. 1-2, ECF No. 110. That motion

was granted on July 23, 2012, and Defendant's sentence was reduced to 234 months imprisonment.   Am. J. 1-7, ECF No. 117.   Defendant then moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) (ECF Nos. 119, 125) due to Amendment 782 to the Federal Sentencing Guidelines.   The Court found that Defendant was eligible for a sentence reduction under Amendment 782, but that "the sentence previously imposed is appropriate considering the nature and circumstances of the offense and the history and characteristics of Defendant."   Order 1, Mar. 14, 2016, ECF No. 127.   Consequently, the Court denied Defendant's motion and declined to reduce his sentence.   *Id.*

Defendant appealed the Court's denial of his motion to reduce sentence on April 6, 2016 (ECF No. 132).   He then filed the currently pending motion and amended motion titled, "Motion 1 Level Reduction as to Guilty Pleas of the Acceptance of Responsibility for Relevant Conduct When Admit the Entire Scope of your Criminal Activity Including Relevant Conduct PSI."   (ECF Nos. 135, 136.)   Thereafter, the Eleventh Circuit found that Defendant "has no arguably meritorious issues to raise on appeal" and thus denied his motion for leave to proceed *in forma pauperis* on the appeal of his motion to reduce sentence.   (ECF No. 140.)   His appeal was then dismissed on January 5, 2017, for failure to pay the filing fee.   (ECF No. 141.)   Defendant's motion for a level reduction is thus ripe for review.

## DISCUSSION

Defendant brings his motion and supplemental motion stating that he was entitled to an additional one level reduction for his acceptance of responsibility and that his attorney's failure to argue for an additional level reduction is ineffective assistance of counsel.   Mot.

to Suppl. Pleading for Level Reduction 1-3, ECF No. 136.   Defendant fails to state what rule, statute, or other precedent supports the relief he requests.   Consequently, the Court liberally construes his motion and analyzes it under various provisions which could possibly afford Defendant the relief he seeks.   *See, e.g., Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) (explaining that a Court should look beyond the label of a *pro se* motion and "interpret [it] under whatever statute would provide relief[]").   It is recommended that Defendant's motion be denied.

A.      Federal Rules of Criminal Procedure

Federal Rules of Criminal Procedure Rule 36 allows a court at any time to correct a clerical error in the record "*resulting from oversight or omission*" (emphasis added). However, the rule affords no basis for relief where the movant seeks to alter the substance of his sentence, that is, to reduce the sentence.   *United States v. Portillo,* 361 F.3d 1161, 1164 (11th Cir. 2004) ("Rule 36 may not be used to make a substantive alteration to a criminal sentence.") (internal quotation marks and citation omitted).   Likewise, Federal Rule of Criminal Procedure Rule 35 provides no basis of relief for Defendant because he has not shown that his sentence resulted from an "arithmetical, technical, or other clear error[,]" and his motion was not filed within fourteen days after sentencing.   Fed. R. Crim. P. 35(a).   Defendant's motion should thus be denied.

B.      Modification of Judgment under 18 U.S.C. § 3582

Defendant's motion for a level reduction could also be construed as a motion to modify judgment under 18 U.S.C. § 3582.   Title 18, United States Code § 3582 provides the limited circumstances under which a sentence for a term of imprisonment may be

modified. 18 U.S.C. § 3582(c). Specifically, "[u]nder § 3582(c), the court may modify a sentence in three circumstances: (1) upon motion of the Director of the Bureau of Prisons; (2) under [Federal Rules of Criminal Procedure] Rule 35 or as otherwise expressly permitted by statute; or (3) if the sentencing range has subsequently been lowered by the Sentencing Commission." *United States v. McGranahan*, 168 F. App'x 934, 937 (11th Cir. 2006). If one of these circumstances is not present in a case, the Court lacks jurisdiction to consider the Defendant's motion to modify his sentence. *Id.*

None of the statutory bases provided for in 18 U.S.C. § 3582(c) are applicable here—there is no motion from the Bureau of Prisons; there is no authority to modify the sentence under Federal Rules of Criminal Procedure 35 for clear error or substantial assistance, or under any other statute; and the Court previously determined that Defendant is not entitled to a sentence modification due to Amendment 782. Because none of the circumstances listed in § 3582(c) is currently present in this case, this Court lacks jurisdiction. Defendant's motion should consequently be denied.

C.    Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence

Finally, Defendant's motion could be construed as a motion to vacate under 28 U.S.C. § 2255. Such a construction would be futile, however, because Defendant's motion is untimely under the Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA"). The AEDPA, which became effective on April 24, 1996, instituted a time bar for motions filed under § 2255:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Using the date from Defendant's amended judgment—July 23, 2012—Defendant's currently pending motion was filed well after the one-year period of limitation. His conviction became final on August 6, 2012, when the time for filing a notice of appeal to the Eleventh Circuit expired. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Adkins v. United States*, 204 F. 3d 1086, 1089 n.1 (11th Cir. 2000) ("A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted."). He thus had until August 5, 2013 within which to file a motion for relief under 28 U.S.C. § 2255. His currently pending motion was not filed until May 13, 2016, almost three years after the limitations period expired. Furthermore, Defendant's motion is not based on a new right recognized by the Supreme Court or on information discovered after his conviction. His motion would be untimely if construed as a motion under § 2255 and should be denied.

## CONCLUSION

For the reasons explained above, it is recommended that Defendant's motion (ECF No. 135) and supplemental motion (ECF No. 136) for a level reduction be denied. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 19th day of April, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE